[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1597

 GEORGE E. KERSEY,

 Plaintiff, Appellant,

 v.

 UNITED STATES AIR FORCE, ET AL.,

 Defendants, Appellees.
 

Nos. 98-1598
 98-1599

 GEORGE E. KERSEY,

 Plaintiff, Appellant,

 v.

 SHEILA E. WIDNALL, ET AL.,

 Defendants, Appellees

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. George A. O'Toole, Jr., U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.

 George E. Kersey on brief pro se.
 Donald K. Stern, United States Attorney and Michael J.
Pineault, Assistant U.S. Attorney on brief for appellees.

December 10, 1998

 Per Curiam. We have carefully reviewed the record in
this case, including the briefs of the parties and the
memorandum and order of the district court. We affirm the
grant of summary judgment to defendants/appellees essentially
for the reasons given by the district court in its memorandum
and order, dated March 12, 1998. We add only the following
brief comments.
 Even if we assume arguendo that defendants/appellees
served their motion to dismiss one day late, Kersey has not
alleged any prejudice from the delay. Thus, the district court
was well within its discretion in considering the motion. SeeCoughlin v. Tailhook Ass'n Inc., 818 F. Supp. 1366, 1368 (D.
Nev. 1993) (court will consider motion to dismiss since filing
one day late did not prejudice plaintiff).
 We find no error in the decision by the EEOC to
dismiss Kersey's complaint without having informed him
beforehand of its reliance on the doctrine of constructive
receipt. Moreover, since the Notice of Final Interview was
delivered to the address Kersey provided and was received by an
individual of suitable age and discretion, Kersey has not
raised any issue which might rebut the presumption of
constructive receipt. Consequently, he suffered no prejudice
from any failure by the agency to inform him of its reliance on
the doctrine prior to his final appeal.
 Finally, Kersey has not alleged any facts which show
that the actions which form the basis of his complaint were
performed by his supervisors outside of the scope of their
employment. Hence, no cause of action exists against them in
their individual capacities.
 Affirmed. See 1st Cir. Loc. R. 27.1.